## (November 17, 1977)

■ JOSEPH VENTRICELLI, Respondent, v KINNEY SYSTEM RENT A CAR, INC., et al., Appellants, and ANTONIO MALDONADO, Respondent. KINNEY SYSTEM RENT A CAR, INC., et al., Third-Party Plaintiffs-Appellants, v AMERICAN MOTORS CORP. et al., Third-Party Defendants-Respondents.—Amended judgment, Supreme Court, New York County, entered July 9, 1976, after a jury trial, in the sum of $550,000 against the defendants-appellants Kinney System Rent A Car, Inc., *et al.,* and the defendant Maldonado, and which was apportioned by the jury 80% to defendants-appellants Kinney, *et al.,* 20% to Maldonado, unanimously modified, on the law, to reverse and dismiss the complaint as against the Kinney defendants, so that plaintiff's recovery of judgment for $550,000 plus costs and disbursements is limited to defendant Maldonado, and to delete the third and fourth decretal paragraphs that provided for cross contribution between the Kinney defendants and Maldonado, and otherwise affirmed, without costs and without disbursements. Plaintiff rented an automobile from the defendant-appellant Kinney. There was trouble with the trunk lid, and despite return to the lessor for repair, the trunk lid did not close satisfactorily. As a result, the car was parked on Mott Street and the plaintiff and a passenger were attempting to slam the trunk lid shut, when the defendant Maldonado's car, parked several car lengths behind them, jumped ahead severely injuring the plaintiff. Under *Dole v Dow Chem. Co.* (30 NY2d 143), the jury apportioned fault 80% to Kinney and 20% to Maldonado. Maldonado does not appeal. On this appeal, the only issue we deem of significance is that of proximate cause. As was said in *Sheehan v City of New York* (40 NY2d 496, 501): "Though negligence and proximate cause frequently overlap in the proof and theory which support each of them, they are not the same conceptually. Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint". No act of the defendant-appellant Kinney can be said to have caused the Maldonado car to injure the plaintiff in this unfortunate fortuitous set of circumstances. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.