## (October 30, 1979)

■ JAMES T. FARRELL, Respondent, et al., Plaintiff, v ROYAL CROWN BOTTLING CO., INC., et al., Defendants-Appellants and Third-Party Plaintiffs-Respondents. THALLE CONSTRUCTION COMPANY, Third-Party Defendant-Appellant.—Judgment of the Supreme Court, Bronx County, entered on March 8, 1978, in favor of plaintiff in the sum of $224,718.72 for personal injuries, and in the third-party action, awarding third-party plaintiffs 99% of the said sum from third-party defendant, unanimously reversed, insofar as appealed from on the law, without costs or disbursements, and the complaint dismissed. There is no evidence to establish negligence on the part of Chemilecki, the operator of the Seven-Up Bottling Company truck as it proceeded in the westbound center lane of North Conduit Avenue parallel to a parked "lowboy" trailer on which plaintiff and his fellow employees were lifting a boom by means of a payloader that was on the grass to the left of the "lowboy". The boom slipped in its harness and in its sway struck the center section of Chemilecki's truck. In rebounding from Chemilecki's truck, the boom struck plaintiff, causing injuries to his head. If negligence occurred, the failure to exercise due care was that of plaintiff's fellow employees, not that of Chemilecki. We do not agree with plaintiff that Chemilecki should have foreseen the possibility that the boom would slip and cause the chain of events which led to plaintiff's injuries. Accordingly, there was no reason for Chemilecki to move into the extreme right lane so as to give the parked "lowboy" the widest berth possible. The scope of foreseeability with which a person is charged is "the orbit of the danger as disclosed to the eye of reasonable vigilance". (Palsgraf v Long Is. R. R. Co., 248 NY 339, 343.) The evidence here precludes any finding that the collision of Chemilecki's truck and the boom and the resulting injuries to Farrell were foreseeable (Ventricelli v Kinney System Rent A Car, 59 AD2d 869, affd 45 NY2d 950). Accordingly, plaintiff's complaint and the complaint in the third-party

action cannot stand and must be dismissed. Concur—Murphy, P. J., Birns, Fein, Bloom and Silverman, JJ.