■ BRUCE GREEN, an Infant, by His Mother and Natural Guardian, FANNIE GREEN, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Defendant-Appellant and Third-Party Plaintiff-Appellant. METALOC CORP., Third-Party Defendant-Respondent. — Judgment, Supreme Court, New York County (Bernheim, J.), entered December 30, 1980 which, inter alia, awarded plaintiffs, collectively, the sum of $227,881.98 against the housing authority and dismissed the third-party complaint against Metaloc Corp., unanimously modified, on the law, without costs or disbursements, to dismiss the complaint, and, except as thus modified, affirmed. The infant plaintiff and his mother have recovered damages against the housing authority for injuries sustained by the infant as a result of the authority's negligence in the maintenance of its premises in which plaintiffs were tenants. It is undisputed that the screws fastening the lower hinge of a bedroom door to the doorpost had come loose. Eventually the door came off its hinges entirely. This condition, of which the housing authority had actual notice, existed for a period of 18 months before the accident. The mother stored the door in various ways in the bedroom, sometimes "Beside the wall, under the bed, on all four of the walls really." For most of the time it was kept under the bed. About 10 days before the accident, the mother placed the door, unbraced, against the bedroom wall. On the day in question, the infant, not quite two years of age, was injured while playing with his brother and sister when the door fell on him, either of its own accord or as a result of the infant running into it. We find that plaintiffs have failed to make out a prima facie case. A door is not an inherently dangerous instrumentality. In fact, in none of her complaints to the housing authority did the mother even claim that the door posed a danger. Concededly, the authority was negligent in failing to repair the door after notice to it of the defect. The accident was caused, however, not by the authority's failure to repair, but, rather, by the mother's placement of the door against the wall, an act for which the authority is not responsible. (Cf. *Martinez v Lazaroff*, 48 NY2d 819; *Rivera v City of New York*, 11 NY2d 856.) Accordingly, the complaint is dismissed. Concur — Kupferman, J. P., Sandler, Sullivan, Carro and Markewich, JJ.