■ CAROLYN FALCONE, Individually and as Administratrix of the Estate of LOUIS FALCONE, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for wrongful death and personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated August 22, 1989, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

On July 29, 1980, after a heavy rain, the plaintiff's finished basement was flooded with water which backed up through the sewer system. As a result of the flood, the basement carpet was saturated with water, and the rubber backing from the carpet adhered to the floor tiles underneath. The next day, the plaintiff and her husband, the decedent, were attempting to clean off the rubber backing by the use of a volatile chemical. A fire occurred, as a result of which both the plaintiff and the decedent were injured. The decedent died as a result of his injuries.

The Supreme Court denied the motion of the defendant City of New York to dismiss, finding that there were triable issues of fact precluding such relief. We now reverse.

A defendant will not be liable for damages as a result of its negligence where an extraordinary, unforeseeable act severs the causal connection between the plaintiff's injury and the defendant's conduct (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Here, any negligent act of the City which may have caused the flood in the plaintiff's basement (although we note that the plaintiff has failed to present any evidence showing that the City was negligent), was not the proximate cause of the injuries to the plaintiff and her decedent. Those injuries were caused by the decedent's use of a volatile chemical to clean up the floor damage, an act for which the City is not responsible (see, e.g., Green v New York City Hous. Auth., 82 AD2d 780, affd 55 NY2d 966; Martinez v Lazaroff, 48 NY2d 819; Ventricelli v Kinney Sys. Rent A Car, 59 AD2d 869, affd 45 NY2d 950, mod on other grounds 46 NY2d 770). Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.