■ JIMMY NAVAREZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. S. ANGELAKIS PAINTING & CONSTRUCTION CORP., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ramirez, J.), entered October 27, 1989, as granted the cross motion by the defendant New York City Housing Authority for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On July 30, 1985, the plaintiff allegedly tripped over furniture his mother had placed in the middle of the room in anticipation of having their apartment painted. As a result of the fall, the plaintiff sustained serious injuries. In commencing a negligence action against the defendant New York City Housing Authority (hereinafter the NYCHA), the plaintiff alleged that the NYCHA was negligent, *inter alia,* in scheduling a date the painting contractor did not keep, for failing to provide directions to the mother as to how to stack the furniture in the middle of the room, and for not inspecting the apartment to ensure that the furniture was stacked safely.

In granting the NYCHA's motion for summary judgment, the Supreme Court found that the NYCHA's alleged negligence was not a proximate cause of the plaintiff's injuries and, thus, that the plaintiff failed to make out a prima facie case. We agree *(see, Green v New York City Hous. Auth.,* 82 AD2d 780, *affd* 55 NY2d 966; *Martinez v Lazaroff,* 48 NY2d 819; *Ventricelli v Kinney Sys. Rent A Car,* 59 AD2d 869, *affd* 45 NY2d 950, *mod on other grounds* 46 NY2d 770; *Falcone v City of New York,* 170 AD2d 575).

We have considered the plaintiff's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.