■ JOHN J. McCANN, Appellant, v CITY OF NEW YORK, Respondent. [613 NYS2d 651] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated May 22, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is denied.

The plaintiff was a detective employed by the New York City Police Department. During the winter months of 1987 and 1988, the ceiling air vents would pump cold air into the squad room where the plaintiff worked. Despite numerous complaints, the problem was never corrected. As a result, the plaintiff attempted to correct this problem by climbing a ladder to cover the air vents with cardboard. While descending the ladder, the plaintiff fell, sustaining injuries.

The plaintiff commenced this action against the defendant City of New York, the landlord of the building, alleging that its failure to supply heat was the cause of the plaintiff's injuries. The defendant moved for summary judgment dismissing the complaint, arguing that the failure to supply heat was not a proximate cause of the plaintiff's injuries as a matter of law. The Supreme Court granted the defendant's motion. We now reverse.

It is well settled that a person's actions which are extraordinary and unforeseeable will be deemed a superseding cause which severs the causal connection between the defendant's actions and the plaintiff's injuries (see, *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Arena v Ostrin*, 134 AD2d 306; *Bell v New York City Health & Hosps. Corp.*, 90 AD2d 270). The issue of whether such an act is a superseding cause, however, is typically a question for the trier of fact to determine (see, *Derdiarian v Felix Contr. Corp., supra*, at 315).

Here, the plaintiff indicated in his affidavit that the defect in the air vents existed for at least 18 months prior to the date of the accident. Considering the evidence regarding the length of time that the alleged defect existed, we find that the plaintiff raised a triable issue of fact as to whether it was foreseeable that someone would try to repair the defect *(see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 636; *Arena v Ostrin, supra,* at 307; *Snyder v Moore,* 72 AD2d 580, 581). Therefore, the defendant's motion for summary judgment should have been denied. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.