■ MYRA C. PEREZ, as Personal Representative of AMY D. CASTILLO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [622 NYS2d 35] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered November 15, 1993, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action brought to recover for personal injuries sustained by the infant plaintiff when she collided with the sharp metal corner of an unhinged door, the mother of the infant plaintiff testified at both the statutory hearing and at her examination before trial that she had notified defendant of the broken doors in her apartment and that the unhinged doors endangered her children. She also testified that defendant did nothing for at least two months prior to the infant plaintiff's accident, merely directing her to keep the broken doors in the hallway between the bedrooms. Thereafter, the two-year-old plaintiff fell, cutting the area near her eye on the edge of one of the doors propped horizontally against a hallway wall.

The motion court correctly concluded that there was a triable issue of fact with regard to whether the mother's placement of the doors in the hallway was an intervening cause, distinguishing *Green v New York City Hous. Auth.* (82 AD2d 780, *affd* 55 NY2d 966) in which there was no contention that the defendant had advised anyone where to place the doors until repairs were eventually made. Moreover, we note that in *Green* the door fell on the child, whereas here the infant plaintiff fell upon the door. Thus, assuming the opposing party's version of the facts to be true, as we must on a motion for summary judgment, the mother's act, unlike that

in *Green,* did not merely " 'operate upon' ", but flowed from defendant's negligence *(Shutak v Handler,* 190 AD2d 345, 347, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.