■ KATHERINE JACKSON et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [624 NYS2d 720] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Berkowitz, J.), entered July 7, 1993, which, upon an order granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion for summary judgment is denied, and the complaint is reinstated.

The plaintiff Katherine Jackson (hereinafter Katherine) was injured when she and her young granddaughter attempted to rehang a 50-pound sliding closet door on its track in her apartment. The door slipped out of their hands and fell on Katherine's foot. The plaintiffs commenced this action to

recover damages and alleged, *inter alia,* that the defendant was negligent in failing to repair the door. According to the plaintiffs, the closet door had been broken for several years, and the defendant had been notified of this condition. The defendant moved for summary judgment solely on the issue of proximate cause and contended that Katherine's intervening act of dropping the closet door broke the causal connection between its negligent conduct and her injury.

An intervening act may be a superseding act which breaks the causal connection if it is extraordinary, not foreseeable in the normal course of events, or far removed from the defendant's conduct *(see, Kriz v Schum,* 75 NY2d 25, 36; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). "[W]hether an act is foreseeable and the course of events normal are questions which are generally subject to varying inferences presenting issues for the fact finder to resolve" *(Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 636, citing *Derdiarian v Felix Contr. Corp., supra).* Stated succinctly, "an intervening act which is a normal consequence of the situation created by a defendant cannot constitute a superseding cause absolving the defendant from liability" *(Lynch v Bay Ridge Obstetrical & Gynecological Assocs., supra,* at 636-637).

The evidence in the record presents a triable issue of fact as to whether Katherine's actions were a normal consequence of the defendant's failure to repair the closet door. It was foreseeable that Katherine would attempt to repair the condition which the defendant had neglected to correct for a prolonged period of time *(see, e.g., Shutak v Handler,* 190 AD2d 345), and the injury she suffered was not "entirely different in character" from that which would be expected to result from the defendant's failure to keep the closet door in good condition *(cf., Martinez v Lazaroff,* 48 NY2d 819, 820). Although the defendant contends that *Green v New York City Hous. Auth.* (82 AD2d 780, *affd* 55 NY2d 966), is controlling, the facts in that case are distinguishable. In *Green,* the tenant had placed a broken bedroom door, unbraced, against a wall, and several days later the door fell on her infant, who was not yet two years old, as he played near it. The court concluded that the mother's act of placing the door against the wall was the cause of the accident. Thus, in *Green,* the injury to the child was not a foreseeable consequence of the defendant's negligence, whereas in this case a jury could reasonably find that the injury to Katherine was a foreseeable consequence of her attempt to repair the door.

Since there are issues of fact in this case which should be

resolved by a jury *(see, e.g., McCann v City of New York,* 205 AD2d 668), the defendant's motion for summary judgment should have been denied, and the complaint is reinstated. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.