■ SHARON DEGENNARO, an Infant, by Her Mother and Natural Guardian, MARGARET DEGENNARO, et al., Respondents, v ROBBIE ROBINSON TEXTILES, INC., et al., Defendants, and GENERAL ELECTRIC COMPANY, Appellant. [628 NYS2d 781] —In an action to recover damages for personal injuries, etc., the defendant General Electric Company appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated March 11, 1994, as denied, in part, its motion for summary

judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that, when the intervening act of a third person is extraordinary and unforeseeable, it will be deemed a superseding act which severs the causal connection between the defendant's actions and the plaintiff's injuries (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308; Arena v Ostrin, 134 AD2d 306). The issue of whether an intervening act is a superseding act is typically a question for the trier-of-fact to determine (see, Derdiarian v Felix Contr. Corp., supra). Since there are issues of fact in this case that should be resolved by a jury, including whether the conduct of the injured plaintiff's mother was a superseding act, the Supreme Court properly denied, in part, the appellant's motion for summary judgment (see, e.g., McCann v City of New York, 205 AD2d 668).

The appellant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.