(February 24, 2000)

■ NORMA MURRAY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [703 NYS2d 140] —Order of the Appellate Term of the Supreme Court, First Department, entered March 18, 1998, reversing the order of the Civil Court, Bronx County (Debra Samuels, J.), entered on or about December 12, 1996, which granted defendant-appellant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the order of the Civil Court dismissing the complaint reinstated.

The salient facts herein are undisputed. Defendant New York

City Housing Authority (Housing Authority) owns, operates and maintains the residential building designated as 320 Morris Avenue, Bronx, New York. Plaintiff's daughter, Tracy Murray, resides in Apartment 10D of the building with her three children. In March 1992, six months prior to the incident in question, the door to the apartment's only bathroom came off its hinges. Tracy reported this condition to the Housing Authority in March 1992 and on at least one other occasion, but it was not repaired and the door was usually kept leaning on a bathroom wall.

On September 20, 1992, plaintiff was babysitting her two grandsons at the apartment and had to use the toilet. For reasons of privacy, she slid the door into the bathroom doorway. After using the toilet, plaintiff remained in the bathroom and, with the door still propped up in the doorway, began hanging clothes and towels on a clothesline suspended over the bathtub. At some point, the door fell, for reasons unknown, while plaintiff's back was turned and struck her in the head, arm and neck.

The Civil Court dismissed plaintiff's complaint on the basis of our holding in *Green v New York City Hous. Auth.* (82 AD2d 780, *affd* 55 NY2d 966). The Appellate Term, by a two-to-one vote, reversed the Civil Court, distinguished *Green*, and held that a triable issue of fact exists as to whether plaintiff's actions were a normal, foreseeable consequence of defendant's prolonged failure to repair the door. We agree with the Civil Court, however, and find that under the facts of this case, the holding of *Green* controls, which mandates the dismissal of the complaint.

It is well settled that in order to set forth a prima facie case of negligence, the plaintiff must demonstrate: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury suffered by the plaintiff which was proximately caused by the breach (*Boltax v Joy Day Camp*, 67 NY2d 617; *Solomon v City of New York*, 66 NY2d 1026; *Akins v Glens Falls City School Dist.*, 53 NY2d 325; Prosser and Keeton, Torts § 30, at 164-165 [5th ed]). Further, in order to hold a defendant liable, a finding of negligence is generally not sufficient as the plaintiff must also demonstrate that the defendant's negligence was a "substantial cause" of the accident (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Potter v Korfhage*, 240 AD2d 717; *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375, *lv denied* 89 NY2d 802). Although the trier of fact normally determines legal cause, "where only one conclusion may be drawn from the established facts * * * the question of legal

cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp., supra*, at 315; *Howard v Poseidon Pools,* 72 NY2d 972, 974).

In *Green v New York City Hous. Auth.* (*supra*), a bedroom door had come off its hinges and there was no dispute that the tenant informed the Housing Authority of the condition on a number of occasions in the 18 months leading up to the incident in question. The tenant testified that she stored the door in a number of locations before propping it, unbraced, against a bedroom wall. The door subsequently fell, for reasons unknown, seriously injuring a two-year old child. This Court concluded that the sole cause of the child's injuries was the mother's placement of the door against the wall and held that: "A door is not an inherently dangerous instrumentality * * * Concededly, the authority was negligent in failing to repair the door after notice to it of the defect. *The accident was caused, however, not by the authority's failure to repair, but, rather, by the mother's placement of the door against the wall*, an act for which the authority is not responsible." (*Green v New York City Hous. Auth., supra* [emphasis added].)

Likewise, in this matter, as in *Green*, while we are cognizant of the Housing Authority's negligence in failing to repair the door, it is clear that the sole proximate cause of plaintiff's injuries was not the Housing Authority's negligence, but plaintiff's decision to place a heavy, unsecured door upright, and unbraced, in the bathroom doorway. Concur—Sullivan, P. J., Nardelli, Wallach and Friedman, JJ.

Mazzarelli, J., dissents in a memorandum as follows: I would affirm the order appealed because plaintiff made a prima facie showing that defendant's prolonged failure to repair an unhinged door to the apartment's only bathroom was a substantial cause of her injuries. There are outstanding factual issues as to whether a reasonable person requiring the use of a bathroom would attempt to temporarily reposition the detached door to an operable place within its frame to assure her privacy, and as to whether plaintiff's subsequent injuries can be viewed as having "flow[ed] from" the defendant's failure to repair the door (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315).

I would find these facts analogous to *Jackson v New York City Hous. Auth.* (214 AD2d 605), and distinguishable from *Green v New York City Hous. Auth.* (82 AD2d 780, *affd* 55 NY2d 966). In *Jackson*, plaintiff was injured as she attempted to re-hang a sliding closet door which the Housing Authority had neglected to repair for a prolonged period. The Second Department found triable issues as to whether plaintiff's actions "were

a normal consequence" of the defendant's failure to repair the door (*supra,* at 606). I would reach a similar conclusion here. As the majority at the Appellate Term in this case noted, "a jury could reasonably find that plaintiff or some other apartment occupant or guest would attempt to secure the unhinged bathroom door in its frame for obvious privacy reasons", a concern not even present with respect to the closet door in *Jackson.* Moreover, this plaintiff did not have the option of another bathroom with a functional door in the apartment.

Although *Green* also involved the Housing Authority's failure to repair, there, a bedroom door, the circumstances surrounding that plaintiff's injuries are otherwise distinguishable. In *Green,* plaintiff chose to store the broken door in various places in the bedroom, " '[b]eside the wall, under the bed, on all four of the walls really' * * * [f]or most of the time it was kept under the bed" (*Green v New York City Hous. Auth.,* 82 AD2d 780, *supra*). The infant plaintiff was subsequently injured while playing in the room, either because the door fell on him, or because he ran into it (*supra*). Both this Court and the Court of Appeals agreed that it was not the Housing Authority's failure to repair the door, but the mother's decision to store the door, unbraced, against the wall in the bedroom which was the sole proximate cause of the infant's injuries (*compare, Perez v New York City Hous. Auth.,* 212 AD2d 379 [triable issue of fact where injury occurred after the Housing Authority instructed plaintiff how to store a broken door]).

Because these facts do not fall within those cases leading to the inexorable conclusion that a plaintiff's actions were the sole cause of her injury, I would defer to the trier of fact to make a determination on the issue of proximate cause (*see, Derdiarian v Felix Contr. Corp., supra,* at 315 ["(g)iven the unique nature of the inquiry in each case, it is for the finder of fact to determine legal cause"]).