◼ JAIME FIGUEROA, Respondent, v CENTER ASSOCIATES et al., Appellants, and SAVEMART, INC., Respondent, et al., Defendant. [728 NYS2d 5] —Judgment, Supreme Court, Bronx County (Michael DeMarco, J., and a jury), entered March 2, 2000, awarding plaintiff air conditioning repairperson damages against defendants-appellants landlord and managing agent in the total principal amount of $1,492,000, including $800,000 for future pain and suffering, before structuring, and dismissing the complaint and all cross claims as against defendant-respondent lessee, unanimously affirmed, with costs.

Even if the trial court's charge failed to convey the landlord's and managing agent's position that the lessee's air conditioner

on the roof was part of the demised premises, any such failure could not have prejudiced them given a lease that otherwise made maintenance of the roof the landlord's responsibility. The lessee's responsibility to maintain its air conditioning unit, and asserted right of access to the roof for that purpose, did not make the rest of the roof part of the demised premises (*cf.*, *General Acc. Fire & Life Assur. Corp. v Travelers Ins. Co.*, 162 AD2d 130), and the I-beam on which plaintiff fell was far removed from the lessee's air conditioning unit. The evidence also showed that the dangerously rusted I-beam was visible and apparent and had existed for a sufficient period of time to permit the landlord to discover and remedy it by means of reasonable inspections (*see, Albergo v Deer Park Meat Farms*, 138 AD2d 656, 656-657), and that there was a foreseeable risk of injury to a person needing to traverse the roof in order to access the air conditioners (*see, McCann v City of New York*, 205 AD2d 668). The award of $800,000 for future pain and suffering does not materially deviate from what is reasonable compensation under these circumstances, where, *inter alia*, plaintiff's knee injury is permanent, causes him constant pain and will likely require him to undergo two future surgeries in addition to the five he has already undergone. As the lessee's insurer is not a party to the action, the trial court properly denied the landlord's and managing agent's motion seeking indemnification from or a sanction against the insurer for having knowingly refused to initially acknowledge them as additional insureds (*see, Saastomoinen v Pagano*, 278 AD2d 218). We have considered appellants' other arguments and find them to be unavailing. Concur—Nardelli, J. P., Mazzarelli, Wallach, Lerner and Friedman, JJ.