■ Baljit Singh, Respondent, v Kolcaj Realty Corp., Appellant, et al., Defendants. [725 NYS2d 37] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about October 19, 2000, which denied the motion of defendant Kolcaj Realty Corp. for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and cross claims as against it.

While driving his car towards the exit of a parking lot, defendant Lawkinder Singh depressed the accelerator instead of the brake, striking plaintiff Baljit Singh and pinning him against a parked vehicle owned by defendant Sepulveda. (Plaintiff Baljit Singh and defendant Lawkinder Singh are unrelated.) Plaintiff predicates liability against appellant Kolcaj Realty Corp. on the theory that the parking space occupied by the Sepulveda vehicle exceeded the capacity of the parking lot specified in the certificate of occupancy, and that appellant was therefore negligent in creating a hazard that was a substantial factor in causing his injuries. Plaintiff's position is without merit.

It is uncontested that the Sepulveda vehicle was merely a stationary object into which plaintiff was fortuitously propelled as the result of defendant Singh's loss of control of his automobile (*see, Margolin v Friedman*, 43 NY2d 982). The violation of an ordinance as the result of the failure to abide by the certificate of occupancy "does not establish negligence as a matter of law" (*Shinshine Corp. v Kinney Sys.*, 173 AD2d 293, 294, citing *Long v Forest-Fehlhaber*, 55 NY2d 154, 160). Even if the creation of an extra parking space by appellant Kolcaj were assumed to constitute negligence, it is not a proximate cause of plaintiff's injury so as to subject appellant to liability. Appellant's presumed negligence falls into that category of "independent intervening acts which operate upon but do not flow from the original negligence" and, therefore, constitutes an unforeseeable consequence of the original negligent act as a matter of law (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829; *see also, Murray v New York City Hous. Auth.*, 269 AD2d 288, 289-290). That a stationary object might constitute a hazard does not require the conclusion that it is an immediate contributing cause of injury, even where no act of a third party intervenes (*see, Howard v Poseidon Pools*, 72 NY2d 972, 974 [shallow pool bottom]).

The opinion given by plaintiff's expert "with a reasonable degree of engineering certainty" that the violation of the certificate of occupancy materially contributed to plaintiff's injuries is of no consequence. Whether the creation of an unauthorized parking space was a proximate cause of plaintiff's injuries is the ultimate issue to be decided in this case, and whether the asserted negligence is sufficiently remote from the injury alleged to have resulted is, in any event, a question of law for the court (*Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952; *Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 345; *cf., Betancourt v Manhattan Ford Lincoln Mercury*, 195 AD2d 246, *appeal dismissed* 84 NY2d 932). Even with respect to questions of fact, "the opinions of experts, which intrude on the province of the jury to draw inferences and conclusions, are both unnecessary and improper" (*Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140, 148 [citing *Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 396; *People v Creasy*, 236 NY 205, 222-223]; *see also, Nevins v Great Atl. & Pac. Tea Co.*, 164 AD2d 807, 808-809; *Franco v Muro*, 224 AD2d 579). Where the offered proof intrudes upon the exclusive prerogative of the court to render a ruling on a legal issue, the attempt by a plaintiff to arrogate to himself a judicial function under the guise of expert testimony will be rejected (*Sawh v Schoen*, 215 AD2d 291, 293-294; *see also, Lipton v Kaye*, 214 AD2d 319, 322-323). Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.