■ VIRGINIA LUX, Appellant, v R & R MOBILE HOME PARK, INC., et al., Respondents. [738 NYS2d 236] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 16, 2000, which denied her motion, denominated as one pursuant to CPLR 4404 which was, in fact, a motion for leave to reargue the defendants' motion pursuant to CPLR 4404 (a), in effect, to set aside so much of a jury verdict as found the defendants 25% at fault in the happening of the accident and for judgment as a matter of law, and (2) a judgment of the same court, entered April 19, 2001, dismissing the complaint.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the judgment is affirmed, with costs.

Under the circumstances, no jury could reasonably conclude, based upon a fair interpretation of the evidence, that the plaintiff's injuries were a normal and foreseeable consequence of the flooding created by the defendants' negligence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). "An intervening act may be a superseding act which breaks the casual connection if it is extraordinary, not foreseeable in the normal course of events, or far removed from the defendant's conduct (*see, Kriz v Schum,* 75 NY2d 25, 36, *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315)" (*Jackson v New York City Hous. Auth.,* 214 AD2d 605, 606). The plaintiff's intervening conduct was so far removed from the defendants' negligence as to make it unreasonable to assign to them any responsibility for her injuries (*see, Barragan v Mathai,* 253 AD2d 508, 509; *Falcone v City of New York,* 170 AD2d 575, 576; *Santiago v VIG Corp.,* 201 AD2d 337). S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.