■ EUGENIA DUMBADZE, Appellant, v EDWARD SCHWATT et al., Respondents. [739 NYS2d 399] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated March 9, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff was injured when she lost her balance and fell off a stepladder which she had been using in an attempt to repair a light fixture in the vestibule directly outside of her apartment, in a building owned by the defendants. According to the plaintiff, the vestibule was dark at night when the fixture was not working and the fixture had been periodically malfunctioning for over six years. The defendants' employees had been notified of this condition, but failed to correct the defect. Days before her accident, the plaintiff informed the building superintendent that the light was not working and he told her how to fix it. The defendants moved for summary judgment on the issue of proximate cause contending that the plaintiff's intervening act of attempting to repair the light fixture was not foreseeable.

It is well settled that a plaintiff's actions which are extraordinary and unforeseeable will be deemed a superseding cause which severs the causal connection between the defendant's negligence and the plaintiff's injuries (*see, Kriz v Schum,* 75 NY2d 25, 36; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Whether a plaintiff's act is a superseding cause or whether it is a normal consequence of the situation created by a defendant are typically questions to be determined by the trier of fact (*see, Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632, 636; *Derdiarian v Felix Contr. Corp., supra*).

In this case, the defendants failed to make a prima facie showing that the plaintiff's act in attempting to repair the light in the vestibule was a superseding cause absolving them from liability. A triable issue of fact exists as to whether it was

foreseeable that the plaintiff would attempt to correct the defect in the light fixture which had existed for a long period of time (*see, Jackson v New York City Hous. Auth.,* 214 AD2d 605; *McCann v City of New York,* 205 AD2d 668; *Shutak v Handler,* 190 AD2d 345). Therefore, the defendants' motion for summary judgment should have been denied. Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.