■ JEAN SPATHOS, Appellant, v GRAMATAN MANAGEMENT, INC., et al., Respondents. [770 NYS2d 130]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered October 9, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff was injured when she caught her foot in a rope and fell in an attached garage in the housing complex where she resided. The complex was managed by the defendants. According to the plaintiff, the garage door was defective because it was only secure when opened to its fullest extent and she had tied a rope to the handle of the garage door to allow her to close it from that height. The defendants admitted they had been aware of the defective condition of the door for two to three years but failed to correct it. During this period they were also aware that the elderly plaintiff was using the rope in order to close the door. The defendants moved for summary judgment, contending that the attachment of the rope by the plaintiff was a superseding, intervening cause of her injury. The Supreme Court granted the defendants' motion. We reverse.

"It is well settled that a plaintiff's actions which are extraordinary and unforeseeable will be deemed a superseding cause which severs the causal connection between the defendant's negligence and the plaintiff's injuries (*see, Kriz v Schum,* 75 NY2d 25, 36 [1989]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). Whether a plaintiff's act is a superseding cause or whether it is a normal consequence of the situation created by a defendant are typically questions to be determined by the trier of fact (*see, Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632, 636 [1988]; *Derdiarian v Felix Contr. Corp., supra*)" (*Dumbadze v Schwatt,* 291 AD2d 529 [2002]).

The defendants failed to establish as a matter of law that the plaintiff's actions were a superseding cause absolving them from liability. Triable issues of fact exist as to whether it was foreseeable that the plaintiff would attempt to overcome the defective condition of the garage door which the defendants had neglected to correct for such a prolonged period of time (*see Dumbadze v Schwatt, supra; Jackson v New York City Hous. Auth.,* 214 AD2d 605 [1995]; *McCann v City of New York,* 205 AD2d 668 [1994]; *Shutak v Handler,* 190 AD2d 345 [1993]). S. Miller, McGinity and Schmidt, JJ., concur.

Santucci, J.P., dissents and votes to affirm the order appealed

from, with the following memorandum: In my opinion the plaintiff's injury was not proximately caused by any action or inaction on the part of the defendants. Thus, I would affirm the order of the Supreme Court which granted the defendants' motion for summary judgment dismissing the complaint.

"It is well settled that, in order to find a defendant liable, a finding of negligence generally is not sufficient: the plaintiff must also show that the defendant's negligence was a 'substantial cause' of the accident" (*Potter v Korfhage,* 240 AD2d 717, 718 [1997], quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *see Canela v Audobon Gardens Realty Corp.,* 304 AD2d 702 [2003]). As noted, the plaintiff's injuries resulted when she tripped and fell on a piece of rope which she had affixed to the door handle of her attached garage in the housing complex managed by the defendants. The plaintiff alleges that the rope was necessitated because the door would not remain in a half-open position, and she could not reach the handle when the door was in its fully open position. However, while the defendants' failure to address this situation may have given rise to the plaintiff's attempt to fashion a means by which she could reach the garage door handle, the fact that the door would not remain in a half-open position was not the direct cause of the plaintiff's injuries (*see Barragan v Mathai,* 253 AD2d 508 [1998]; *Laureano v Louzoun,* 165 AD2d 866 [1990]).