**Barbara KATERSKY Plaintiff,**

v.

**AMERICAN AIRLINES, INC. Defendant.**

**No. 03 Civ. 132(VM).**

United States District Court, S.D. New York.

April 20, 2004.

Daniel J. Kaiser, Kaiser Saurborn & Mair, P.C., New York City, for Plaintiff.

David S. Rutherford, Henrique J. Oliveira, Rutherford & Christie, L.L.P., New York City, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Barbara Katersky ("Katersky") claims in this diversity jurisdiction action that, while boarding a flight of defendant American Airlines, Inc. ("American"), she fell and suffered injuries on an airport jetway owned and operated by American. Katersky alleges that American was negligent in failing to use reasonable care to maintain the jetway in a safe condition and in failing to warn her of the existence of a defective or dangerous condition. American has moved for summary judgment on the grounds that undisputed evidence demonstrates that American did not breach any duty of care it may have owed to Katersky. Because genuine disputes of material facts exist between the parties, the Court denies American's motion for summary judgment.

### I. BACKGROUND

Katersky, her husband, and their son were scheduled to fly from O'Hare International Airport in Chicago ("O'Hare") to LaGuardia Airport in New York on an American flight on August 31, 2002. As they were walking down the jetway to board the airplane, Katersky fell down and sustained fractures to her left arm and shoulder.[1]

Two channels four inches wide and three-quarters of an inch deep run along the sides of the jetway's floor. The channels are used to retract the jetway away from the airplane. The main floor of the

---

1. Katersky was diagnosed with fractures of the greater tuberosity in her left shoulder and the left proximal humerus.

jetway is carpeted but the side channels are not. It was on one of these side channels that Katersky apparently tripped when she fell.

American claims that in June 2002 it installed warning signs in the jetway at issue here calling attention to the uneven surfaces on the jetway's floor. American relies on an unsigned Facilities Maintenance Work Order printed on June 22, 2002 (the "Work Order") and an affidavit from American's facilities maintenance manager at O'Hare as proof that it had installed warning signs. Katersky and her husband assert that at no time before or immediately after the accident did they observe any warning signs in the jetway.

Katersky filed this action against American for failing to use reasonable care to maintain the jetway in a safe condition and for failing to warn passengers of the existence of a dangerous and defective condition. American now moves for summary judgment on Katersky's claims.

## II. DISCUSSION

### A. STANDARD OF REVIEW

The Court may grant summary judgment when, upon review of all the facts in the record in the light most favorable to the non-moving party, no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(c); SCS Communications, Inc. v. Herrick Co., Inc., 360 F.3d 329, 338 (2d Cir.2004). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a reasonable jury could rule in favor of the non-moving party, summary judgment is improper. See id.

An award of summary judgment is exceptionally rare in negligence cases, be-cause a negligence claim typically involves an inquiry into the reasonableness of a party's conduct, a matter that generally implicates a question of fact for a jury. See King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir.1997); Hong v. Maher, No. 02 Civ. 7825, 2004 WL 771127 (S.D.N.Y. April 13, 2004). That said, there may be some negligence suits for which summary judgment is appropriate.

### B. AMERICAN'S NEGLIGENCE

■ The Court will apply the substantive law of the forum state, New York, to this diversity action. See McGrath v. Toys "R" Us, Inc., 356 F.3d 246, 249 (2d Cir. 2004). But while the parties rely on New York law to establish the standards for negligence, New York State courts hearing tort suits involving citizens of different states apply the law of the jurisdiction where the tort occurred – in this case, Illinois – when neither party resides in that jurisdiction and there is a conflict of laws. See Hong, 2004 WL 771127, at *2 n. 1; Maizous v. Garraffa, No. 00 Cv. 4895, 2002 WL 1471556 at *3 n. 2 (E.D.N.Y. Apr. 30, 2002); Dorsey v. Yantambwe, 276 A.D.2d 108, 715 N.Y.S.2d 566 (4th Dep't 2000). Under both New York and Illinois law, to prevail on a negligence action the plaintiff must establish that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the injury to the plaintiff. See Murray v. New York City Hous. Auth., 269 A.D.2d 288, 703 N.Y.S.2d 140, 141 (1st Dep't 2000); Hills v. Bridgeview Little League Ass'n, 195 Ill.2d 210, 253 Ill.Dec. 632, 745 N.E.2d 1166, 1178 (2000). For purposes of the present motion for summary judgment, the existence of a genuine issue of material fact is not affected by any possible difference in substantive law between the two states, and thus the Court will not now delve into potential conflicts between New York and Illinois negligence law.

American argues that "the undisputed material evidence clearly demonstrates" that Katersky has failed to establish that American breached its duty to her. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment dated January 7, 2004, at 5.) American asserts that Katersky has not demonstrated that the jetway was defective, contained a dangerous condition, or that the jetway's design was inherently dangerous. Additionally, American argues that even if the jetway was dangerous or defective, any such condition was open and obvious, which would generally eliminate the need for American to warn Katersky about the danger.

Finally, American argues that the Work Order establishes that it installed warning signs on the jetway before Katersky's accident. American points to the affidavit of Ed Krzeminski ("Krzeminski"), who oversaw facilities maintenance at American's O'Hare terminal in 2001 and 2002. Krzeminski states that the relevant warning signs were installed in the jetway in June 2002, two months before Katersky's accident.

Katersky argues that American has essentially acknowledged the dangerousness of the jetway by developing a plan to install warning signs on its jetways to call attention to the uneven floors. Katersky maintains that the channels on the jetway floor were not obvious, and that American failed to provide proper warning as to their existence and danger. Katersky interprets the Work Order not as proof that the signs were installed but rather, because the Work Order is not signed, as proof that the signs were not installed before her accident. Katersky and her husband also indicated in affidavits that they did not see any warning signs on the jetway either before or immediately after Katersky's accident. Because American submitted Krzeminski's affidavit as part of its reply papers, Katersky did not have an opportunity to respond to his assertions.

The presence or absence of warning signs on the jetway at the time of Katersky's accident is a central element of this case, and a genuine dispute exists as to that question. Consequently, whether or not American installed warning signs on the jetway before Katersky's accident is not a question the Court can resolve as a matter of law. But, more importantly, even if American could definitively prove that the warning signs were in place before Katersky's accident, the Court still would not grant it summary judgment, because the Court cannot rule as a matter of law that the installation of the warning signs that American used satisfied American's duty of care to its passengers. In so ruling, the Court does not intend to indicate its view of the merits of the case. Instead, the Court today only determines that, viewing the facts in the light most favorable to Katersky, American cannot establish the absence of any genuine issue of material fact. As the Court noted above, whether a party acted reasonably or breached its duty of care is generally a question of fact for a jury. This case does not present an exception to that general principle.

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant American Airlines, Inc. for summary judgment is denied. The parties are directed to appear before the Court for a status conference on April 30, 2004 at 2:30 p.m.

**SO ORDERED.**