■ Eugenia Dumbadze, Respondent, v Edward Chwatt et al., Appellants. [775 NYS2d 889]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an interlocutory judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated January 2, 2003, as, upon a jury verdict on the issue of liability finding them 75% at fault and the plaintiff 25% at fault in the happening of the accident, is in favor of the plaintiff and against them.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The defendants were the owner and managing agents of the residential apartment complex in which the plaintiff tenant resided. The plaintiff established at trial that the defendants were negligent in failing to repair or replace a bulb in a vestibule immediately outside of her apartment door. She also proved that their negligence proximately caused her accident which occurred when she fell from a stepladder in an attempt to adjust the bulb.

The trial court properly denied the defendants' trial motions for judgment as a matter of law pursuant to CPLR 4401 and 4404. It cannot be concluded that the jury failed to follow a

valid line of reasoning in reaching its verdict (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 [1980]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Dumbadze v Schwatt*, 291 AD2d 529 [2002]; *Figueroa v Center Assoc.*, 283 AD2d 324, 325 [2001]; *Jackson v New York City Hous. Auth.*, 214 AD2d 605, 606 [1995]; *Perez v New York City Hous. Auth.*, 212 AD2d 379 [1995]; *McCann. v City of New York*, 205 AD2d 668 [1994]; *Shutak v Handler*, 190 AD2d 345, 348 [1993]). In addition, the jury's verdict as to negligence and apportionment of fault was not against the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Cohen v Hallmark Cards,. supra* at 500; *Kovit v Estate of Hallums*, 307 AD2d 336, 337 [2003]; *Turner v Sixtieth St. Automotive Serv. Corp.*, 299 AD2d 477, 478 [2002]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]).

There was no error in the trial court's charge to the jury with respect to the defendants' obligations pursuant to the Multiple Dwelling Law (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 687 [1990]; *Cortes v Riverbridge Realty Co.*, 227 AD2d 430, 431 [1996]). Moreover, because the trial court's charge, as given, fairly instructed the jury on the legal standards, it was unnecessary to grant the defendants' requests to charge assumption of risk, independent superseding causation, and competing inferences of negligence and freedom therefrom (*see Morgan v State of New York*, 90 NY2d 471, 488 [1997]; *Derdiarian v Felix Contr. Corp., supra; Vartabedian v Hospital for Special Surgery*, 292 AD2d 520, 521 [2002]; *cf. Oginski v Rosenberg*, 115 AD2d 463 [1985]).

The defendants' remaining contentions are either unpreserved for appellate review or are without merit. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.