■ RICHARD BLATT, Appellant, v TOUCHSTONE TELEVISION PRODUCTIONS, LLC, Respondent. [943 NYS2d 108]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about September 23, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of this personal injury action was proper, since defendant purchaser of commercial plate glass from plaintiff's company demonstrated that it owed no duty of care to plaintiff. Regardless of whether it was foreseeable that plaintiff might be injured loading the glass onto the truck defendant sent to pick it up, given the arm's-length relationship of a buyer and seller of goods, and defendant's contractual undertaking with the union whereby only union members were to load or unload the truck, there was no basis to find a duty of care owed to plaintiff (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 289 [2001] ["(a)bsent a duty running directly to the injured person there can be no liability in damages, however careless

the conduct or foreseeable the harm"]). Moreover, plaintiff's volunteering to load the heavy glass onto the truck, without the participation or instruction from defendant's employees, severed any causal connection between negligence on the part of defendant and the accident (see Pouso v City of New York, 22 AD3d 395, 396 [2005]; Murray v New York City Hous. Auth., 269 AD2d 288 [2000]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ. **[Prior Case History: 2010 NY Slip Op 32667(U).]**