■ ROBERT STARKS, Respondent, v R+L CARRIERS et al., Appellants et al., Defendants. [20 NYS3d 527]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 1, 2015, which, to the extent appealed from, denied the motion for summary judgment dismissing the complaint as to defendants R+L Carriers and R&L Carriers Shared Services, LLC (collectively R&L), unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against them. The Clerk is directed to enter judgment accordingly.

During a delivery of a crate of glass panels, a portion of the lift gate on defendant R&L's tractor-trailer failed, sending the crate to the roadway four feet below. The crate was partially broken, and some of the glass panels inside were cracked. About ten minutes after the crate had fallen, the R&L driver left the area.

Plaintiff and his employer, who had been waiting for this delivery, proceeded to open the crate, separate the cracked glass panels, and place them on an "A-frame." During this process, plaintiff turned his back, and all the glass panels that had been stacked on the A-frame fell on his legs.

R&L demonstrated its entitlement to summary judgment by demonstrating that plaintiff's actions intervened to sever any causal connection between its original purported negligence, and the injuries allegedly sustained by plaintiff (*see Rivera v City of New York*, 11 NY2d 856, 857 [1962]).

While foreseeability is generally a question of fact for the jury, "where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law," summary judgment is appropriate (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Here, plaintiff's decision to place the glass panels on the A-frame, where they subsequently fell on him, was the sole proximate cause of his injuries (*see Blatt v Touchstone Tel. Prods., LLC*, 95 AD3d 536 [1st Dept 2012]).

In opposition, plaintiff failed to raise a genuine issue of material fact. Even assuming that R&L was negligent and created a dangerous condition, such a condition merely furnished the condition or occasion for the occurrence of the event rather than one of its causes (*Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952 [1978]), and was not a proximate cause of plaintiff's injuries (*see Murray v New York City Hous. Auth.*, 269 AD2d 288 [1st Dept 2000]). Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.