Van Dyk v C & M 974 Rte. 45 LLC (2020 NY Slip Op 01575)





Van Dyk v C & M 974 Rte. 45 LLC


2020 NY Slip Op 01575


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11225 28106/16E

[*1] Jean Van Dyk, Plaintiff-Appellant,
v
C & M 974 Route 45 LLC, et al., Defendants-Respondents.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Law Office of James J. Toomey, New York (Jason Meneses of counsel), for respondents.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered December 27, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she was injured when a heavy door that was stored in a locked medical storage closet in the medical office where she worked tipped over onto her. Defendants established prima facie, through deposition testimony, sworn witness statements, and renewal lease provisions, that they were out-of-possession landlords who had no access to the locked closet and therefore did not possess or control the closet for liability purposes (see Sapp v S.J.C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 527 [1st Dept 2017]).
In opposition, plaintiff failed to raise an issue of fact. The statement by her employer's office manager about defendants' knowledge that the door was stored in the closet is inadmissible hearsay (see O'Halloran v City of New York, 78 AD3d 536 [1st Dept 2010]). In any event, it does not avail plaintiff, because the door itself was not inherently dangerous, and there is no evidence that defendants were responsible for the manner in which it was stored — upright against a wall — which was the cause of the accident (see Murray v New York City Hous. Auth., 269 AD2d 288 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK