Jones v Saint Rita's R.C. Church (2020 NY Slip Op 05496)





Jones v Saint Rita's R.C. Church


2020 NY Slip Op 05496


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05759
 (Index No. 518689/16)

[*1]Shelevon Jones, appellant, 
v
Saint Rita's Roman Catholic Church, et al., respondents, et al, defendant.


Gersowitz Libo & Korek, P.C. (Pollack, Pollack, Isaac & DeCicco, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Strongin Rothman & Abrams, LLP, New York, NY (Howard F. Strongin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated March 4, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Saint Rita's Roman Catholic Church and the Diocese of Brooklyn for summary judgment dismissing the Labor Law § 200 and common law negligence causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was working as a set dresser for a film production on location at a school owned by the defendants Saint Rita's Roman Catholic Church and the Diocese of Brooklyn (hereinafter together the defendants). On Wednesday, April 13, 2016, the plaintiff was working in a classroom that had double pane and double sash windows that opened into the room in a horizontal position. All of the windows were screwed shut.
According to the plaintiff's coworker, when it became hot in the classroom, another set dresser removed the screws from one of the windows with screw gun, but, rather than slide up as anticipated, the window opened by dropping forward into the classroom. The crew member put the window back and screwed it into place in its original closed position.
The plaintiff and her coworkers returned to the classroom on Friday, April 15, 2016, after filming had been completed, to remove items from the set. The window that had been previously screwed in place was halfway open and did not have any screws in it. As the plaintiff bent down in front of the window to pick up an empty box off the floor, the frame of the lower sash of the window hit her in the back of her head, injuring her.
The plaintiff commenced this action alleging, inter alia, Labor Law § 200 and common law negligence causes of action. The defendants moved, among other things, for summary judgment dismissing those causes of action insofar as asserted against them. The Supreme Court granted that branch of the defendants' motion, and the plaintiff appeals.
It is well settled that in order to set forth a prima facie case of negligence, plaintiffs must demonstrate: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury suffered by the plaintiff which was proximately caused by the breach (see Solomon v City of New York, 66 NY2d 1026, 1027; Celestin v 40 Empire Blvd., Inc., 168 AD3d 805). "'Defendants are liable for all normal and foreseeable consequences of their acts,'" and plaintiffs "'need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable'" (Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1026, quoting Gordon v Eastern Ry. Supply, 82 NY2d 555, 562).
However, "[a]n intervening act constitutes a superseding cause sufficient to relieve a defendant of liability if it is 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct'" (Fahey v A.O. Smith Corp., 77 AD3d 612, 616, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see Barth v City of New York, 307 AD2d 943). When the intervening act is a natural and foreseeable consequence of a circumstance created by the defendant, the causal nexus is not severed and liability will subsist (see Kush v City of Buffalo, 59 NY2d 26, 33; Derdiarian v Felix Contr. Corp., 51 NY2d at 315). Whether an act is foreseeable is generally for the trier of fact (see Lynch v Bay Ridge Obstetrical & Gynecological Assoc., 72 NY2d 632, 636; Fahey v A.O. Smith Corp., 77 AD3d at 616). Nevertheless, summary judgment is appropriate "where only one conclusion may be drawn from the established facts" (Derdiarian v Felix Contr. Corp., 51 NY2d at 315 [internal quotation marks omitted]; see Niewojt v Nikko Constr. Corp., 139 AD3d at 1026).
Here, the window being unscrewed and opened is an intervening act that relieves the defendants of liability. Although in general, opening a window is foreseeable, the defendants had screwed the window shut, which was a plain indication that it was not supposed to be opened. The window was only able to be opened using tools to remove multiple screws and, in the normal course of events, a person would have refrained from opening the window when he or she saw that it was screwed shut. When the window was screwed shut it was not inherently dangerous. The accident was allegedly caused not by any act or omission of the defendants, but rather the film crew's removal of the window screws and opening of the window, which created a dangerous condition for which the defendants were not responsible. The intervening act of unscrewing the window and opening it was unforeseeable in the normal course of events and was sufficient to relieve the defendants of liability (see Murray v New York City Hous. Auth., 269 AD2d 288; Green v New York City Hous. Auth., 82 AD2d 780, 780, affd 55 NY2d 966; see also Van Dyk v C & M 974 Rte. 45 LLC, 181 AD3d 457).
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court