People v Morales (2021 NY Slip Op 00239)





People v Morales


2021 NY Slip Op 00239


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Ind No. 246/16 246/16 Appeal No. 12872 Case No. 2019-1372 

[*1]The People of the State of New York, Respondent,
v
Justin Morales, Defendant-Appellant.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Ryan J. Foley of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered June 7, 2018, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant did not preserve his argument that his guilty plea was rendered invalid because the parties and the court initially believed that he would be sentenced as a second felony offender rather than a second violent felony offender. During the plea proceeding, the court realized the error and carefully advised defendant of his true status. However, defendant completed the plea colloquy nonetheless, and never moved to withdraw his plea (see People v Williams, 27 NY3d 212, 214 [2016]). Defendant has not demonstrated that his attempt to address the court on an unspecified subject was actually intended to convey that he no longer wished to accept the plea, or that he was prevented from so informing the court. On the contrary, if the plea was no longer satisfactory because of the change in predicate felony status, defendant had the opportunity, either personally or through counsel, to make that clear before the plea colloquy was completed, or during the three weeks between the plea and sentence, or at sentencing (see id. at 220-221; People v Orellana, 181 AD3d 457 [1st Dept 2020], lv denied 35 NY3d 1028 [2020]).
We decline to address the issue in the interest of justice. As an alternative holding, we reject it on the merits. Whether defendant's predicate felony status was classified as violent or nonviolent did not affect his actual sentence in the present case, and there is no reason to believe that he would have rejected the plea offer had he known his true status.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021