■ PHILIP K. LAU et al., Respondents, v SINIBALDI ROSSI et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 29, 1988 in Warren County, which granted plaintiffs' motion for summary judgment.

On March 15, 1985, defendants gave plaintiffs a three-year written option to purchase real property in the Town of Queensbury, Warren County. The instrument provided that the purchase price would be $85,000 if the option was exercised in the first year of its term, $95,000 during the second year and $105,000 during the final year, "payable at time of closing and delivery of deed". Defendants were required to deliver to plaintiffs or their attorney a proposed deed, current abstract of title and tax search at least 10 days prior to the closing.

Apparently, plaintiffs purported to have exercised the option during the first year of its term, which was disputed by defendants. Plaintiffs brought an action for specific performance to enforce their claim that the option was validly exercised by them prior to March 15, 1986. Supreme Court denied their motion for summary judgment, and trial of that action is pending.

Meanwhile, plaintiffs by written notice dated January 16, 1987 (i.e., during the second year of the option term) again exercised their option to purchase and demanded performance, "without prejudice to the undersigned with respect to any prior notices". When defendants refused to perform, plaintiffs brought the instant action for specific performance. They then moved for summary judgment. Supreme Court granted their motion. The court directed that, upon delivery of the deed to the subject property, plaintiffs were to pay the stipulated purchase price of $95,000 as follows: $85,000 to defendants and $10,000 to an escrow account held by plaintiffs' and defendants' attorneys, pending further order of the court. This reflected the existence of the outstanding dispute between the parties in plaintiffs' prior action concerning whether the option had been validly exercised during the first year of its term. Defendants have appealed from Supreme Court's order.

There should be an affirmance. Defendants' sole claim on appeal is that a triable issue of fact was presented by their opposing affidavits in which they asserted that plaintiffs departed from the terms of the option by indicating to defendants that they would only pay $90,000 for the property, rather than the $95,000 called for during the second year of the option. No such deviation is contained in plaintiffs' written notice, however. In defendants' opposing affidavit, they aver "upon information and belief" that plaintiffs communicated their intent to pay only $90,000 to defendants' attorney. Defendants' hearsay statement, not being evidentiary proof in admissible form, by itself was insufficient to defeat plaintiffs' motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562). The accompanying opposing affidavit of defendants' then-attorney did not correct this deficiency in proof of any anticipatory breach by plaintiffs. He merely averred that he did not forward closing papers "because the full amount of the Option price * * * has not been offered by Plaintiff's [sic] or their attorney". However, the option agreement unambiguously sets forth that tender of the purchase price was not required until the closing, to be preceded by delivery of various items such as the proposed deed and abstract of title to plaintiffs' attorney 10 days before the closing. Thus, plaintiffs had no obligation to offer the "full amount of the Option price" in advance of presentation of closing papers and the closing itself, and their failure to do so before defendants had complied with their preliminary duties under the agreement did not excuse defendants' nonperformance.

Since plaintiffs were clearly entitled to conveyance of the property on tender of the option price of $95,000, Supreme Court's disposition, providing for such payment, but holding $10,000 thereof in escrow pending determination of the companion action, was appropriate *(see,* CPLR 3212 [c]).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.