OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendant’s motion for summary judgment denied.
A portion of the infant plaintiffs finger was severed when, in jumping off an unattended, elevated lifeguard’s stand at defendant’s beach club, the ring on that finger caught on a nail protruding from the stand. The accident happened at about 10:45 p.m. on September 1, 1995, while plaintiff was attending an end-of-summer party at the club. In opposing defendant’s motion for summary judgment, plaintiffs submitted evidentiary proof in admissible form setting forth the following facts: although the beach was closed for swimming daily at not later than 7 p.m., when the lifeguards went off duty, children of club members frequently played on the beach after hours, and climbed on and jumped off the lifeguard stand. The club’s management was actually aware that this practice “had been going on for years.” A child who had accompanied plaintiff when the accident occurred described having seen nails “sticking up out of the wood” of the stand, including the one that caused the injury, on the many times when he had climbed onto the stand during that summer.
The foregoing proof created triable issues of fact concerning (1) whether the existence of the protruding nails created a dangerous condition in the lifeguard stand which defendant knew children commonly used for climbing and jumping, and (2) whether the condition was in existence for a sufficient length of time to put defendant at least on constructive notice of a foreseeable risk of harm to the children engaging in that activity if the condition was not remedied. If the risk of harm was foreseeable, the particular manner in which the injury occurred here was not material to defendant’s liability. Thus, the motion for summary judgment should have been denied.