■ Iris Gomez, an Infant by her Mother and Natural Guardian Luisa Vega, et al., Appellants, v Mildred Hicks, Respondent. [824 NYS2d 312]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated September 22, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff Iris Gomez (hereinafter the plaintiff) and her mother resided in a three-family house owned by the defendant. The entrance to the house was a set of double doors. The upper half of these doors consisted primarily of glass window panes. The plaintiff testified that she was injured when her hand went through the glass portion of the door while she was attempting to open it. The plaintiff and her mother testified that the door was often difficult to open and that they had made several complaints about it to the defendant. The plaintiff further testified that at the time of the accident she had trouble attempting to unlock the door, and "when I finally got it unlocked I had my hand on the glass, I gave it a push, like I usually do to open the door, [and] my whole hand went through the glass."

A plaintiff's actions which are extraordinary and unforeseeable will be deemed a superseding cause which severs the causal connection between the defendant's negligence and the plain-

tiff's injuries (*see Kriz v Schum*, 75 NY2d 25, 36 [1989]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Whether a plaintiff's act is a superseding cause or whether it is a normal consequence of the situation created by the defendant are generally questions for the trier of fact to determine (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636 [1988]; *Derdiarian v Felix Contr. Corp., supra* at 315).

The defendant failed to make a prima facie showing that the plaintiff's act of pushing the stuck door was a superseding cause absolving her from liability (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc., supra* at 636-637; *Dumbadze v Schwatt*, 291 AD2d 529, 529-530 [2002]). Under the circumstances of this case, it cannot be concluded as a matter of law that the plaintiff's action was unforeseeable or of such a character as to sever the connection between the defendant's alleged negligence and the plaintiff's injury (*see Dumbadze v Chwatt*, 7 AD3d 563 [2004]; *Spathos v Gramatan Mgt.*, 2 AD3d 833 [2003]; *Jackson v New York City Hous. Auth.*, 214 AD2d 605, 605-606 [1995]; *Shutak v Handler*, 190 AD2d 345, 348 [1993]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Miller, J.P., Crane, Santucci and Luciano, JJ., concur.