DARCY PALMER, Individually and as Parent and Natural Guardian of BRITTANY P., an Infant, Respondent, v BARNES & NOBLE BOOKSELLERS, INC., Appellant. [824 NYS2d 850]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 1, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this negligence action to recover damages for injuries sustained by her daughter when her daughter's finger was pinched in the space between a closing door and its door jamb on defendant's premises. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden by establishing that the door and door jamb did not constitute an unreasonably dangerous condition (*see Swan v Eastman Kodak* Co., 16 AD3d 1098, 1099 [2005]; *Tedesco v Nowak*, 294 AD2d 911, 912 [2002], *lv denied* 98 NY2d 610 [2002]), and plaintiff failed to raise a question of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "The affidavit of . . . plaintiff['s] expert did not sufficiently identify any specific industry standard upon which he relied in regard to the [door], nor did [it] supply any specific statutory or building code violations" (*Veccia v Clearmeadow Pistol Club*, 300 AD2d 472, 472 [2002]). The affidavit "was thus speculative and not sufficiently probative to defeat defendant's motion for summary judgment" (*Baehre v Sagamore Resort Hotel*, 4 AD3d 810, 811 [2004]; *see Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005], *lv denied* 7 NY3d 703 [2006]; *Cicero v Selden Assoc.*, 295 AD2d 391, 392 [2002]; *see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). We therefore reverse the order, grant defendant's motion for summary judgment, and dismiss the complaint. Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.