# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**335**
**CA 12-01494**
PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

GERALD BIELICKI, PLAINTIFF-APPELLANT,

                    V                                    MEMORANDUM AND ORDER

EXCEL INDUSTRIES, INC., DEFENDANT-RESPONDENT.

---

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (ROBERT MARANTO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (TARA WATERMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 1, 2012.  The order granted defendant's motion for summary judgment and dismissed plaintiff's complaint.

     It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

     Memorandum:  Plaintiff commenced this action seeking damages for injuries he allegedly sustained when, in the course of his employment, he was delivering a package to defendant's property.  He attempted to open a door but, according to plaintiff, the door would not open because it was stuck and defendant had prior notice that "the door stuck on occasion."  Defendant moved for summary judgment dismissing the complaint on the sole ground that the "condition alleged by Plaintiff, [i.e.], the door that would not open on the date of the accident, is not an inherently dangerous condition giving rise to a duty in tort."  We conclude that Supreme Court erred in granting the motion.

     As the Court of Appeals has written, the issue "whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally [one] of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]; *see Werner v Kaleida Health*, 96 AD3d 1569, 1570; *Vanderwater v Sears*, 277 AD2d 1056, 1056; *cf. Palmer v Barnes & Noble Booksellers, Inc.*, 34 AD3d 1287, 1288).  With respect to summary judgment motions, it is well established that "[a] motion for summary judgment must be denied 'if there is any significant doubt as to the existence of a triable issue [of fact], or if there is even arguably such an issue' .

. . Moreover, summary judgment is seldom appropriate in a negligence action" (*Vanderwater*, 277 AD2d at 1056; *see generally Andre v Pomeroy*, 35 NY2d 361, 364-365; *Stone v Goodson*, 8 NY2d 8, 12-13, *rearg denied* 8 NY2d 934).

Contrary to defendant's contention, we conclude that the issue whether the door, if stuck, constituted a dangerous condition is "fairly debatable" (*Stone*, 8 NY2d at 12). We reject defendant's attempts to distinguish this case from cases in which an attempt to open a stuck door caused a different injury, i.e., putting one's hand through a pane of glass rather than injuring one's arm or shoulder (*see Shay v Mozer, Inc.*, 80 AD3d 687, 687; *Gomez v Hicks*, 33 AD3d 856, 856; *Small v 870-7th Ave. Corp.*, 273 App Div 216, 217; *see also Obshatcko v Y. M. & Y. W. H. A. of Williamsburg*, 45 AD2d 1023, 1023). In the foregoing cases there was an issue of fact whether the injured plaintiff sustained a foreseeable injury and, "[i]f the risk of harm [is] foreseeable, the particular manner in which the injury occurred . . . [is] not material to defendant's liability" (*Buckley v Sun & Surf Beach Club*, 95 NY2d 914, 915; *see generally Sanchez v State of New York*, 99 NY2d 247, 252). In our view, the risk that a person attempting to pull open a stuck door might injure his or her arm or shoulder is as foreseeable as the risk of a person pushing his or her hand through a stuck door's glass pane while attempting to push the door open (*see e.g. Shay*, 80 AD3d at 687; *Gomez*, 33 AD3d at 856; *cf. Lopes v Sears, Roebuck & Co.*, 273 AD2d 360, 361), and indeed is more foreseeable than the risk of a person injuring his or her eye on a hook on the stuck door when that door is kicked open by another person (*see Obshatcko*, 45 AD2d at 1023). We therefore conclude that there is a triable issue of fact whether the door, if it was stuck, constituted a dangerous condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: March 22, 2013

Frances E. Cafarell
Clerk of the Court