Christopher J.G. v Derico of E. Amherst Corp. (2019 NY Slip Op 04857)





Christopher J.G. v Derico of E. Amherst Corp.


2019 NY Slip Op 04857


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1411 CA 18-01122

[*1]CHRISTOPHER J.G. AND TAMARA G., AS PARENTS AND NATURAL GUARDIANS OF A.G., PLAINTIFFS-APPELLANTS,
v DERICO OF EAST AMHERST CORP., DOING BUSINESS AS MCDONALD'S, AND MCDONALD'S CORPORATION, DOING BUSINESS AS MCDONALD'S, DEFENDANTS-RESPONDENTS. 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (THOMAS P. KOTRYS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 11, 2017. The order granted defendants' motion for summary judgment dismissing plaintiffs' complaint. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by their daughter when her finger became caught in the space between a bathroom stall door and its doorjamb at defendants' restaurant. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. We affirm.
Defendants met their initial burden by establishing that the stall door did not constitute an unreasonably dangerous condition (see Palmer v Barnes & Noble Booksellers, Inc., 34 AD3d 1287, 1288 [4th Dept 2006]), and plaintiffs failed to raise a triable issue of fact in response (see id.). The affidavit of plaintiffs' expert was
" speculative and not sufficiently probative to defeat defendant[s'] motion for summary judgment' " (id.). Contrary to plaintiffs' further contention, we conclude that the alleged hazard posed by the bathroom stall door was also open and obvious, and therefore defendants had no duty to warn that the door presented a finger-pinching hazard (see Bluth v Bias Yaakov Academy for Girls, 123 AD3d 866, 866 [2d Dept 2014]; Boyd v New York City Hous. Auth., 105 AD3d 542, 543 [1st Dept 2013], lv denied 22 NY3d 855 [2013]).
All concur except Whalen, P.J., and Curran, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent and conclude that defendants failed to meet their initial burden of showing that the subject door did not constitute an unreasonably dangerous condition (see generally Grefrath v DeFelice, 144 AD3d 1652, 1653 [4th Dept 2016]) or that they did not create or have actual or constructive notice of the alleged hazard (see generally Wiedenbeck v Lawrence, 170 AD3d 1669, 1670 [4th Dept 2019]). The instant personal injury action was commenced by the parents of a two-year-old girl whose fingertip was severed at a McDonald's restaurant. The injury occurred when the girl's brother slammed a bathroom stall door and the girl's finger was caught between the door and the doorjamb, an area referred to as a "pinch point."
Defendants submitted the deposition testimony of a construction manager for defendant McDonald's Corporation, who stated that the corporation installs a device known as a "finger guard" on the doors of newly constructed restaurants to prevent pinch-point injuries. That evidence raises an issue of fact whether defendants were on notice that the door here presented an unreasonably dangerous condition because no finger guard was installed and distinguishes the present case from previous door-injury cases, in which there was no evidence that defendants [*2]were on notice of the danger of finger amputation caused by pinch points (see O'Brien v Sayville Union Free School Dist., 87 AD3d 569, 570-571 [2d Dept 2011]; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749, 750 [2d Dept 2007]; Palmer v Barnes & Noble Booksellers, Inc., 34 AD3d 1287, 1288 [4th Dept 2006]; Aquila v Nathan's Famous, 284 AD2d 287, 287-288 [2d Dept 2001]; Walsh v City School Dist. of Albany, 237 AD2d 811, 812 [3d Dept 1997]).
The determination whether a condition is unreasonably dangerous "is generally a question of fact for the jury" (Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012] [internal quotation marks omitted]) and may, under the circumstances, require consideration of the extent to which the defendants' duty to maintain a safe premises requires them to take into account the "well-known propensities of children to climb about and play" (Collentine v City of New York, 279 NY 119, 125 [1938]) and, perhaps, to accidentally slam doors on other children in the course of such play. The order should be reversed and the motion denied.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court