Targeted Lease Capital, LLC v Wheel Equip. Leasing, LLC (2020 NY Slip Op 05625)





Targeted Lease Capital, LLC v Wheel Equip. Leasing, LLC


2020 NY Slip Op 05625


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


441 CA 19-00802

[*1]TARGETED LEASE CAPITAL, LLC, PLAINTIFF-RESPONDENT,
v
WHEEL EQUIPMENT LEASING, LLC, DOING BUSINESS AS Y.E.S. LEASING, DEFENDANT-APPELLANT, ET AL., DEFENDANT. (APPEAL NO. 2.) 






PHILLIPS LYTLE LLP, BUFFALO (PRESTON L. ZARLOCK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BAUMEISTER DENZ, LLP, BUFFALO (ARTHUR G. BAUMEISTER, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered April 26, 2019. The judgment awarded plaintiff the sum of $114,219.06 as against defendant Wheel Equipment Leasing, LLC, doing business as Y.E.S. Leasing. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting causes of action for, inter alia, breach of warranties in a broker agreement (agreement) that it entered into with Wheel Equipment Leasing, LLC, doing business as Y.E.S. Leasing (defendant). Supreme Court granted plaintiff's motion insofar as it sought summary judgment on the complaint against defendant as well as dismissal of defendant's counterclaim, and awarded plaintiff a money judgment against defendant. Defendant appeals, and we affirm.
Plaintiff met its initial burden on the motion with respect to defendant by establishing, inter alia, that defendant submitted to it for financing a re-brokered and fraudulent transaction, which constituted a breach of various provisions of the agreement; that it sustained damages as a result of the breach; and that it was entitled to recover damages from defendant pursuant to the indemnification provision in the agreement. In opposition, defendant failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To the extent that defendant contends that there is an issue of fact concerning the applicability of the defense of estoppel, i.e., whether defendant justifiably relied on plaintiff to verify and collect an advance payment, we note that defendant submitted no evidence of justification beyond nonprobative email correspondence (see Inter-Power of N.Y. v Niagara Mohawk Power Corp., 213 AD2d 110, 114 [3d Dept 1995]; see generally Syracuse Orthopedic Specialists, P.C. v Hootnick, 42 AD3d 890, 893 [4th Dept 2007]).
Defendant further contends that the court erred in granting the motion with respect to defendant inasmuch as defendant is entitled to additional discovery pursuant to CPLR 3212 (f). We conclude, however, that defendant did not make the requisite evidentiary showing that facts essential to justify opposition to the motion may exist but could not then be stated (see Hewitt v Liverpool Cent. Sch. Dist., 134 AD3d 1507, 1509 [4th Dept 2015]; see also M & T Bank v Benjamin [appeal No. 2], 145 AD3d 1519, 1520 [4th Dept 2016]). Defendant's assertion that the parties intended the subject transaction to proceed outside of the purview of the agreement is based on hearsay (see Lau v Rossi, 150 AD2d 969, 970 [3d Dept 1989]) and, furthermore, that assertion is contradicted by the provision of the agreement stating that "all lease and financing documents and transactions" between the parties would be governed by the agreement. [*2]Defendant cannot use the extrinsic evidence it hopes to obtain from further discovery to vary that provision or to create an ambiguity with respect thereto (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]; see also R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 32-33 [2002], rearg denied 98 NY2d 693 [2002]; Schmidt v Magnetic Head Corp., 97 AD2d 151, 157 [2d Dept 1983]).
Contrary to its contention, defendant also failed to make an evidentiary showing that further discovery might yield facts substantiating its position that plaintiff waived its contractual protection against re-brokered transactions. Defendant submitted no evidence of a " 'clear manifestation of intent' " of waiver on the part of plaintiff (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]; see Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1531-1532 [4th Dept 2017]). We likewise conclude that defendant did not make an evidentiary showing that further discovery might yield facts substantiating its position that plaintiff's damages were brought about by plaintiff's own negligence, or by plaintiff's alleged breach of contract due to plaintiff's failure to verify and collect an advance payment from the purported client before fully financing the transaction. Defendant's assertion of negligence is based on plaintiff's deviation from an alleged industry standard of care, but defendant failed to offer any evidence of such a standard (see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544-545 [2002]; Preston v Castle Pointe, LLC, 173 AD3d 1710, 1710-1711 [4th Dept 2019]; Palmer v Barnes & Noble Booksellers, Inc., 34 AD3d 1287, 1288 [4th Dept 2006]). Defendant also failed to identify any covenant breached by plaintiff. Furthermore, inasmuch as defendant's counterclaim is based wholly on the alleged deviation from an industry standard of care, we reject defendant's contention that the existence of its counterclaim precludes an award of summary judgment against it.
We have examined defendant's remaining contentions and conclude
that none warrants modification or reversal of the judgment.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court